Harold E. DOOLEY, Plaintiff-Appellant,

v.

Sue G. DOOLEY, now Sue G. Trussell, Defendant-Respondent.

No. 36721.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 25, 1976.

Bollow, Crist, Bollow & Wallace, Dan Bollow, Shelbina, for plaintiff-appellant.

Falzone & Schirmer, Wayne E. Schirmer, Moberly, for defendant-respondent.

WEIER, Presiding Judge.

Harold Dooley obtained a divorce from Sue Dooley on January 22, 1973. Under the terms of the decree, Tracy Denise Dooley, born May 9, 1970, and Lynnette DeLayne Dooley, born August 12, 1966, were awarded to plaintiff father except for the summer months when custody was placed in the defendant mother. Defendant was also given the custody of the two girls on two weekends of each month during the time that the children were in the custody of the plaintiff father. This appeal is from a decree of modification which changed the custody provisions of the divorce decree by placing the children with Sue Trussell, the mother who had remarried after the di-

vorce, with rights of visitation in the father and a support order of $40.00 per week for the children's maintenance.

In reviewing this court tried matter, we review the record on both the law and the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses; and we sustain the judgment below "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976); Rule 73.01(d). Briefly, the facts indicated that Sue Trussell, formerly Sue Dooley, the mother, had remarried after the divorce and had lived with her second husband some twenty months at the time that the decree of modification was entered. Although her behavior pattern prior to the divorce had been most abnormal, she and her second husband had apparently established a stable marriage; they lived in a suitable home in a pleasant location, and were making sufficient money at their employment to adequately care for the children. The defendant father during the same period of time had made frequent changes in those persons entrusted with the children while he was employed, and at the time of the modification was living in an apartment occupied by him and his third wife without adequate space. The court concluded that it would serve the best interest of the children that they be placed with the defendant mother under all the facts that were presented in the evidence at the time of the several hearings held by the court. Because of the court's concern and solicitude with respect to the welfare of the children, the child welfare office of the Division of Family Services was ordered to continue supervision over the children and report to the court the condition of the children at least every six months. We have examined the record carefully and have concluded that there is substantial evidence to support the judgment of the trial court. Having also concluded that there was no error in the application of the law to the facts, and that a lengthy opinion would have no precedential value, we affirm the judgment under the provisions of Rule 84.-16(b).

DOWD and McMILLIAN, JJ., concur.